Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY REINBERG, an individual;<br><br>Plaintiff,<br><br>v.<br><br>HERMAN MILLER, INC., a Delaware Corporation; DESIGN WITHIN REACH, INC., a Delaware Corporation; RAJ OVERSEAS, a foreign corporation; and DOES 1-10;<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Plaintiff Tracey Reinberg, by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Tracey Reinberg is a Los Angeles based artist responsible for unique and imaginative graphic works commonly used on surfaces such as tile and wallpaper. This case involves the defendants' unauthorized use of her artwork on carpets and the

unauthorized sales of those carpets. This action is brought to address the infringement of Plaintiff's rights in and to her artwork.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systemic and substantial presence in California, including within this judicial district, and has its principal place of business located in California.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which Defendant can be found and in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff Tracey Reinberg is an individual domiciled and residing in Los Angeles, California and is doing business as Kismet Tile & Surface.

6. Plaintiff is informed and believe and thereon alleges that Defendant Herman Miller, Inc. ("Herman Miller") is a corporation organized and existing under the laws of the State of Michigan with its principal place of business located at 855 E Main Avenue, Zeeland, Michigan 49464, and is doing business in and with the state of California, including in this district.

7. Plaintiff is informed and believes and thereon alleges that Defendant Design Within Reach, Inc. ("DWR") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 711 Canal Street, 3rd Floor, Stamford, Connecticut 06902, and is doing business in and with the state of California, including in this district.

8. Plaintiff is informed and believes and thereon alleges that Defendant RAJ Overseas ("RAJ") is a foreign corporation organized under the laws of India with its

principal place of business in Panipat, Haryana, India and with United States headquarters located at 347 Fifth Avenue, Suite 1410, New York, New York, 10016, and is doing business in and with the state of California, including in this district.

9. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1 through 10, inclusive, are manufacturers and/or vendors of the product at issue or other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise of Defendant DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believe and thereon allege that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE ARTWORK

11. Since 1997, Plaintiff has been creating original and recognizable artwork for tiles, wallpaper and other surfaces for some of the surface and design industries' most respected names including Knoll, Maharam, Donghia HBF Textiles, Koroseal Wallcovering, Formica and others. Her work has been featured in magazines such as

Martha Stewart, LA Times Magazine, Sunset Magazine, and South Africa Conde Nast HG and others.

12. Prior to the acts complained of herein, Plaintiff created and published her artwork identified as KISMET AP24 ONDA ORIGINAL ("Artwork A") and AP24/ONDA Pattern With Diamond ("Artwork B") for use in the surface and design industries. Artwork A and Artwork B will hereinafter be referred to collectively as the "Artwork."

13. The Artwork is original to Plaintiff and is, and at all relevant times was, owned in exclusivity by Plaintiff.

14. Plaintiff has applied for and has obtained United States copyright registrations covering the Artwork.

15. Prior to the acts complained of herein, Plaintiff marketed the Artwork in the design and surface industries, including via her professional website and design library.

16. Following Plaintiff's marketing of the Artwork, in or about January 2017, Plaintiff discovered that Herman Miller, DWR and RAJ (collectively "Defendants") misappropriated the Artwork, and were selling carpets bearing illegal reproductions and/or derivations of the Artwork. Plaintiff is informed and believes and alleges that RAJ sold the carpets at wholesale and that DWR and Herman Miller sold the carpets at retail through online and brick and mortar outlets.

17. Plaintiff is informed and beleives and thereon alleges that, without her authorization, Defendants and others, including certain Doe defendants, created, sold, manufactured, caused to be manufactured, imported and/or distributed carpets that bear artwork identical to or substantially similar to the Artwork ("Infringing Product").

18. It is apparent from the side-by-side comparisons of Artwork A and Artwork B and the Infringing Product that the elements, composition, arrangement, and

appearance of the design on the Infringing Product is substantially and/or strikingly similar, if not virtually identical, to Artwork A and Artwork B as shown below.

| Artwork A | Infringing Product | Artwork B |




## CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

19. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20. The exemplar of Infringing Product pictured above is non-inclusive, and allegations and claims made herein are made as to any and all uses, exploitations, and product that incorporate, use or bear the Artwork or unlawful derivations thereof.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Artwork including, without limitation, through access to Plaintiff's individual websites and/or design libraries, Plaintiff's sales efforts or through other online posting of the Artwork. Access is also established by the striking similarity or near identicality between the Artwork and the artwork on Defendants', and each of their, Infringing Product.

22. Plaintiff is informed and believe and thereon allege that one or more of the Defendants, including without limitation, RAJ, manufactures carpets and other home décor and consumer goods. Plaintiff is further informed and believe and thereon allege that said Defendant(s) has an ongoing business relationship with retailer Defendants including DWR, and each of them, and supplied carpets to said retailers, which carpets infringed the Artwork in that said carpets featured an unauthorized design that was virtually identical or substantially similar to the Artwork, or was an illegal derivation or modification thereof.

23. Plaintiff is informed and believe and thereon allege that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Artwork and by producing, distributing and/or selling carpets which infringe the Artwork through Herman Miller and DWR's brick and mortar and on-line retail platforms.

24. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

25. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Artwork in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the

Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

28. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of carpets and other product featuring the Artwork as alleged herein.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

31. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

32. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Artwork, in an amount to be established at trial.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

With Respect to Each Claim for Relief

1. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Artwork;
2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, and/or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 505, 1203, *et seq.*;
3. That Plaintiff be awarded her costs and attorneys' fees as available under the Copyright Act U.S.C. §§ 505, *et seq.*;
4. That Plaintiff be awarded her costs, attorneys' fees, and statutory damages under 17 USC § 1203.
5. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;
6. That Plaintiff be awarded pre-judgment interest as allowed by law;
7. That Plaintiff be awarded the costs of this action; and

8. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Respectfully submitted,

Dated: October 17, 2018   By:   */s/ David Shein*
Stephen M. Doniger, Esq.
David Shein, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
TRACEY REINBERG